Per Curiam.
 

 Costs are in the discretion of the court; but this is not an arbitrary discretion, it is an equitable one, depending upon the circumstances of the case, guided by principles that have been established and regulated by the practice that has been adopted in analogous cases. 2 Atk. 400, 551; 8 B. Ch. C. 390. That the defendant in this case should pay no costs, it hath been urged that a trustee pays no costs where there is no default in him (2 Eq. Ca. Ab. 740); and that the court, in their opinion and decree, viewed him in that capacity. This would be true when he was brought into court unnecessarily; but was this the case ? Did he, after he had acted in the trust, and effected the compromise with Donelson, offer the
 
 cestui que trust
 
 a settlement pursuant thereto ? Or did he not take the matter upon himself, renounce the agency, and in his
 
 *209
 
 answer claim the benefit accruing therefrom ? In such a state of things, he comes not * within the principle of the rule laid down by his counsel, but more properly within the case of
 
 Henly
 
 v.
 
 Philips,
 
 Atk. 48. When a trustee, merely to have a point relating to his private interest determined, brings- the
 
 cestui que trust
 
 before the court, in that case he shall pay the whole costs of the suit. But another ground is taken by the defendant’s counsel, why in this case he should not be taxed with the costs, and that is, that the defendant is liable to be called upon by Hugh McGavock, the' devisee in the pleadings mentioned, and by the executors of James McGavock, the devisor, to account for the sums as trustee, in which suit he would have to pay costs, and therefore ought not to be adjudged against him upon this. But neither these premises, nor the conclusion drawn from them, can be admitted. It is not conceived what interest Hugh McGavock can possibly have in the subject matter of this decree. His interest in the land accrued after the death of his devisor, of course; and the rents that became due in the life of his devisor, and appropriated by him or by his agent, David, which amounts to the same thing, are no more a matter of interest to him than any other stranger. When money becomes due for the use and occupation of lands, which is the present case, and appropriated by the party to whom it is owing, what question concerning it can be raised by a future devisee of the land so used and occupied ? The executors of the devisor are equally out of the case as far as these rents or this sum for use and occupation are to be considered separate and not merged in the settlement, which in part took place upon the division of the land, and was consummated afterwards by the compromise. To whom the interest of that compromise is given, does not appear upon the pleadings, whether to the defendant or to the devisee, Hugh, or what other person ; and therefore is not, as it need not be, taken into consideration upon the present question. On the other side, for the complainants * it is argued, that they ought not to pay costs, for they were compelled to come into this court by the conduct of the defendant in two respects-; first, because he was at law forcing /rom them their equivalents for the 100 acres of lost land, wdiich, as their agent and trustee, he had received for them ; secondly, by refusing to discount the rents out of an account they had against James McGavock, defendant to this bill, and ad
 
 *210
 
 mitting the balance of the account as a charge against him. With regard to this last, the court decided that the complainant’s account against James for cotton and other items of a like nature, furnished James at his own instance, had no relation to the point in controversy between the complainant and the defendant, David. That the application of the rents to this account by way of discount, was no discount to the benefit of David. The defendant, David, was not therefore acting against conscience in resisting the claim. And his repelling it affords no ground of equity to the complainants as to the first point, to wit, their being compelled to come into this court. Did they all they ought to have done, and all they might have done to prevent the necessity of coming into this court ? Did they not refuse the advantageous terms procured by their agent, the defendant, properly authorized to settle the matter between them and Donelson and Gillespie in the first instance ? And did they after-wards, when the compromise was made by their agent, after time to inform themselves of the merit of it, having regard to the probable result of a legal remedy, offer to accede to it and come to a settlement with the defendant? They did not. And for the not doing so, and for the refusing the fair offer of accommodation made to them, they ought to pay costs. 2 Atk. 48,
 
 Biggleston
 
 v.
 
 Grub.
 

 Decree that the complainant pay the costs at law, and that the costs in this court be divided.
 

 See, as to
 
 costs, Clark
 
 v.
 
 Clark,
 
 4 Hay. 36. See King’s Digest, 3121, 9929, 11,737.